UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HUBERT ROSE

    Petitioner,

v.                                                      Case No. 6:15-cv-865-Orl28GJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This Court directed Petitioner to file an amended petition to cure certain defects in the original petition (Doc. 3) and he did. (Doc. 7). In accordance with this Court's instructions, Respondents filed a Response to the Amended Petition. (Doc. 16). Petitioner filed a Reply to the Response to the Amended Petition. (Doc. 18). For the reasons set forth below, the amended petition is denied.

### I. Procedural History

Petitioner was charged with one count of lewd or lascivious molestation. (Doc. 16-2 at 4). The case proceeded to a jury trial on January 24, 2011, at the conclusion of which Petitioner was found guilty. (Doc. 16-2 at 145). The state court sentenced Petitioner to fifteen years of imprisonment followed by ten years of probation as a sex offender. (Doc. 16-2 at 158).

Petitioner appealed. (Doc. 16-2 at 171). The Florida Fifth District Court of Appeal (the "Fifth DCA") affirmed *per curiam*. (Doc. 16-2 at 201).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. 16-2 at 205). The state court denied the motion. (Doc. 16-2 at 235). Petitioner appealed (Doc. 16-2 at 256), and the Fifth DCA affirmed *per curiam*. (Doc. 16-2 at 258). Petitioner moved for rehearing and rehearing *en banc* asking for, among other things, a written opinion explaining the court's decision. (Doc. 16-2 at 260). The Fifth DCA denied the motion. (Doc. 16-2 at 277).

Petitioner's amended petition for a writ of habeas corpus followed.

## II. LEGAL STANDARDS

### A. Habeas Relief Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

AEDPA's standard for habeas relief is clear and unambiguous: relief cannot be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). AEDPA thus provides two avenues for relief: one based on a determination that the outcome was itself contrary to clearly established federal law; the other based on a determination that the outcome was infected by an unreasonable application of such law to the facts. As the Supreme Court explained:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on

a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Regardless of the avenue taken, however, a prisoner "must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

### B. Ineffective Assistance of Counsel

The standard for relief based on ineffective assistance of counsel is also clear and unambiguous: a person is entitled to relief only when counsel's conduct fell below an objective standard of reasonableness and, in addition, there is a reasonable probability that the outcome would have been different if counsel had acted reasonably (*i.e.*, that the departure from objective reasonableness prejudiced the case and, by extension, the client). *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In evaluating counsel's performance, courts apply a "strong presumption" that the representation "fell within the 'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104. As the Eleventh Circuit explained:

> [The test for ineffective assistance] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.

-3-

> Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). It is therefore not an understatement to say that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

### C. AEDPA's "Unreasonable Application" Standard and Ineffective Assistance of Counsel Claims

A state court's application of *Strickland* to a post-conviction claim of ineffective assistance is subject to review in a habeas proceeding. But establishing that a state court's application of *Strickland* was unreasonable for purposes of AEDPA is especially difficult. As the Supreme Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential" and when the two apply in tandem, review is "doubly so." The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). *When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

*Harrington*, 562 U.S. at 105 (emphasis added). More to the point:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under ADEPA, though, it is a

necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Id.* at 101 (citation omitted).

### III. ANALYSIS

#### A. *Ground One*

Petitioner contends counsel rendered ineffective assistance by failing to depose certain individuals in advance of trial such as the victim and the victim's mother. (Doc. 7 at 5). The state court denied relief on this ground, concluding that Petitioner's failure to identify the content of the anticipated deposition testimony, as well as how such testimony might have departed from the individual's trial testimony, rendered the claim facially insufficient. (Doc. 16-2 at 237).

The state court's rejection of this ground for relief constitutes a reasonable application of *Strickland*. The trial witnesses told simple stories about what happened. Counsel would not need pre-trial depositions to understand their stories or to prepare for examination or cross examination, as may be applicable. Against this backdrop, counsel's failure to take depositions does not depart from an objective standard of reasonableness and, in any event, Petitioner has not demonstrated any prejudice resulting from counsel's alleged failure. Accordingly, ground one is denied.

#### B. *Ground Two*

Petitioner contends counsel rendered ineffective assistance by failing to challenge

the veracity of the victim's allegations about sexual misconduct. (Doc. 7 at 7). Petitioner appears to argue that the time between the alleged incident, and the victim's report of the incident, was so attenuated that the event could not have occurred and that counsel should have been able to establish this. The state court denied relief on this ground, observing that "the fact that the child victim did not come forward for several years does not make the crime non-existent . . . . [Petitioner] states counsel should have investigated to prove the crime was non-existent but he does not specify how this could have been done." (Doc. 16-2 at 238).

The state court's rejection of this ground for relief constitutes a reasonable application of *Strickland*. The trial transcript evidences counsel's attempt to establish doubt about the occurrence of the event as described by the victim. Counsel cross examined the victim about the delay in reporting but the victim deflected these questions with detailed and facially credible answers. The victim explained that she saw Petitioner several years later; that seeing him triggered a recollection about what happened previously; that she was taking a sex education class at about the same time that included topics such as molestation; and that, as a result, she reported the incident to her mother. (Doc. 16-2 at 60-61). Counsel also challenged the victim's story by attempting to demonstrate the incident could not have occurred because it would not have been possible for Petitioner to contort his body into the position she described. (Doc. 16-2 at 58-59). Counsel's efforts were ultimately unsuccessful but not for lack of effort. Petitioner has not demonstrated deficient performance or prejudice. Accordingly, ground two is

denied.

### C. Ground Three

Petitioner contends counsel rendered ineffective assistance by failing to make any pre-trial motions. (Doc 7 at 8). Petitioner appears to suggest (based on the content of his state filings) that counsel could have made a motion to dismiss on the ground of the statute of limitations. (Doc. 16-2 at 221). The state court denied relief on this ground, explaining that the statute of limitations was tolled at all relevant times under Section 775.15(13)(a) of the Florida Statutes due to the victim's status as a minor. (Doc. 16-2 at 238). The state court also denied relief because other potential pre-trial motions (such as motions to suppress) were not viable given that the case against Petitioner was based on testimonial evidence rather than physical evidence. (Doc. 16-2 at 238).

The state court's rejection of this ground for relief constitutes a reasonable application of *Strickland*. Counsel did not have a basis upon which to seek dismissal on the statute of limitations, and there were no other motions that could be made credibly. The case, as postured for trial, was a "he-said/she-said" dispute involving different versions of events – one of which the jury ultimately believed. Given the nature of the case, there does not appear to be anything counsel could have done before trial to challenge the prosecution's case at trial, and counsel's best strategy was to cross examine the victim and offer the testimony of Petitioner and his wife in an attempt to create doubt in the jury's mind, which is exactly what counsel tried to do. Petitioner has not demonstrated deficient performance or prejudice. Accordingly, ground three is denied.

### D. Ground Four

Petitioner contends counsel rendered ineffective assistance by failing to challenge his post-conviction designation as a "sexual predator". (Doc. 7 at 10). The state court denied relief on this ground, noting that Petitioner was convicted of a crime that mandated this designation under state law and, as a result, "there was no basis for his attorney to object to it." (Doc. 16-2 at 238).

The state court's rejection of this ground for relief constitutes a reasonable application of *Strickland*. Counsel did not have a basis upon which to challenge the designation given that it flowed from Petitioner's conviction for lewd or lascivious molestation. Section 775.21(4) of the Florida Statutes provides: "[a]n offender shall be designated as a 'sexual predator' . . . if the felony is a capital, life, or first degree felony violation." Section 800.04(5)(b) provides, in turn: "[a]n offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony." Given Petitioner's conviction for lewd or lascivious molestation, counsel could not credibly challenge the designation. Petitioner has not demonstrated deficient performance or prejudice. Accordingly, ground four is denied.

### E. Ground Five

Petitioner maintains counsel rendered ineffective assistance by failing to demonstrate that the victim had been prompted by someone else to allege sexual misconduct. (Doc. 7 at 12). The state court denied relief on this ground, concluding that Petitioner's failure to substantiate it with factual allegations made it legally insufficient.

-8-

(Doc. 16-2 at 238). The state court also noted:

> [T]he child was not related to the Defendant, did not live with him, and did not see him for several years after the abuse, so there is no obvious reason for her, such as a family dynamic, to have invented the events she described and no suggestion on the record at all that someone influenced her testimony.

(Doc. 16-2 at 238-39).

The state court's rejection of this ground for relief constitutes a reasonable application of *Strickland*. Petitioner's unsupported belief that someone wrongfully encouraged the victim to allege misconduct is not a ground for relief and does not, in any event, establish deficient performance or prejudice. Accordingly, ground five is denied.

### F. Ground Six

Petitioner argues counsel rendered ineffective assistance by failing thoroughly to examine Petitioner's wife regarding the presence of a television in the room in which the alleged misconduct occurred. (Doc. 7 at 12, 17).[1] The state court rejected this argument:

> While pursuing some of these details might have been impeaching, the Court does not find they would have destroyed the witness' credibility to the extent that the outcome of the trial would probably have been different. The child was recalling incidents that had happened nearly six years prior to the trial and it was likely that the jury would expect that some details would not have been remembered precisely.

(Doc. 16-2 at 240).

The state court's rejection of this ground for relief constitutes a reasonable

---

[1] Petitioner's Rule 3.850 motion identified other matters about which counsel purportedly failed to examine thoroughly: (i) the style of underwear he was wearing at the time of one incident; (ii) the clothing he was wearing at the time of other incidents; and (iii) whether Petitioner's wife was pregnant at the time of the incident. Petitioner did not include these matters in his petition for habeas relief.

application *Strickland*. The trial transcript demonstrates counsel attempted to establish the absence of a television in the victim's room through Petitioner's wife. Unfortunately, these efforts were undermined by Petitioner's wife herself. She initially testified that she did not know whether there was a television in the victim's room at the time of the incident but then switched gears and testified, definitively, there was not a television in the room. (Doc. 16-2 at 85). Counsel's inability to establish a fact, particularly in the face of equivocal testimony, does not mean that she performed deficiently. Petitioner has not demonstrated deficient performance or prejudice. Accordingly, ground six is denied.

### G. Ground Seven

Petitioner contends the Fifth DCA improperly resolved the appeal of his application for state post-conviction relief on a *per curiam* basis – in effect, contending that he is entitled to a written opinion in which the court explains its ultimate determination. (Doc. 7 at 17). The opinion-writing practice of a state court is a matter of state law and, as such, cannot form the basis for habeas relief. Section 2254(a) is clear in this regard: federal habeas relief is limited to violations of federal law.[2] Accordingly, ground seven is denied.

### H. Ground Eight

Petitioner contends the state court improperly denied his motion for judgment of

---

[2]Moreover, "defects in state collateral proceedings do not provide a basis for habeas relief. The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-*i.e.* the conviction itself-and thus habeas relief is not an appropriate remedy." *Carroll v. Secretary, DOC, FL*, 574 F.3d 1354, 1365 (11th Cir. 2009).

acquittal. (Doc. 7 at 17-18). Petitioner raised this issue on direct appeal from his conviction, and the Fifth DCA affirmed *per curiam*. (Doc. 16-2 at 201).

Petitioner has not established that the state court's determination is contrary to, or an unreasonable application of, clearly established federal law. The evidence at trial, viewed in the light most favorable to the prosecution, demonstrates that a rational jury could find each element of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Petitioner was convicted of lewd or lascivious molestation, a crime that includes three elements: (1) a defendant who is over the age of 18; (2) a victim who is under the age of 16 (or for purposes of a life felony, under the age of 12); and (3) intentional touching, in a lewd or lascivious manner, the [victim's] breasts, genitals, genital area, or buttocks, or the clothing covering them. The first and second elements do not appear to have been contested; the third element was the focus at trial. The victim testified in support of this third element as follows:

- The victim lived with Petitioner and Petitioner's wife for two to three weeks in 2005 while her mother traveled to Antigua (Doc. 16-2 at 43-44);

- On three occasions, Petitioner entered the victim's room, laid on top of her, told her to "open her legs wider" and then stayed on top of her for ten to twenty minutes (Doc. 16-2 at 45, 48 & 52);

- The victim could feel Petitioner's erect penis through her nightgown on her vagina (Doc. 16-2 at 49); and

- The victim could feel Petitioner's penis "going up and down" (Doc. 16-2 at 49).

This testimony – which the jury was entitled to credit – was sufficient to establish the third element beyond a reasonable doubt. Petitioner's conviction was supported by sufficient evidence and, as such, does not violate any federal constitutional or statutory norm. Accordingly, ground eight is denied pursuant to § 2254(d).

IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Lamarca v. Sec'y Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; Lamarca, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petition

has failed to make a substantial showing of the denial of a constitutional right. Thus, this Court will deny Petitioner a certificate of appealability.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The Amended Petition for Writ of Habeas Corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is DENIED a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

DONE AND ORDERED in Orlando, Florida, this 14 day of February, 2017.

JOHN ANTOON
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-5 2/13
Counsel of Record
Hubert Rose